IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH RUSSELL JUDD, INMATE # 11593-051<br><br>            Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE OF GEORGIA; STATE OF GEORGIA,<br><br>            Defendants. | 1:11-cv-1797-WSD |

**OPINION AND ORDER**

This matter is before the Court on Keith Russell Judd's ("Plaintiff") *pro se* Motion for Relief from Judgment or Order, which the Court liberally construes as a Motion for Reconsideration [20] of its July 29, 2011, Order dismissing this action without prejudice.

**I.    BACKGROUND**

Plaintiff is a self-proclaimed Democratic Candidate for President of the United States. He is also a convicted felon. On May 19, 2011, Plaintiff commenced this action by filing a three-page complaint in the United States District Court for the Southern District of Georgia. Plaintiff sought a declaratory

judgment "of all convicted felons' right to Vote [sic] in the Federal Presidential Primary Election . . . ." (Compl. at 1.) He also sought a preliminary injunction requiring the Secretary of State of Georgia and the State of Georgia ("Defendants") to place him on the 2012 Primary ballot. (Id. at 2.)

On June 1, 2011, Judge Wood of the Southern District of Georgia ordered that this case be transferred to this Court [3]. On June 28, 2011, Magistrate Judge Brill issued her Final Report and Recommendation ("R&R") and recommended that this Court deny Plaintiff's application to proceed *in forma pauperis* and that this action be dismissed without prejudice. Plaintiff subsequently filed objections to the R&R [8], a motion to reopen the case [9], and a motion for total waiver of filing fees [10].

On July 29, 2011, the Court adopted Magistrate Judge Brill's R&R, overruled Plaintiff's objections, and dismissed this action without prejudice [11]. On September 19, 2011, Plaintiff filed a notice of appeal to the Eleventh Circuit Court of Appeals [13]. Plaintiff also filed an additional application in this Court to proceed on appeal *in forma pauperis* [16], which was denied [17].

On October 26, 2011, the Eleventh Circuit dismissed his appeal for want of prosecution [18].

On August 1, 2012, Plaintiff filed a five-page pleading entitled "Motion for Relief From Judgment or Order Under the Twenty Fourth Amendment," which the Court has liberally construed as a Motion for Reconsideration of the Court's July 29, 2011, Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

## II.  DISCUSSION

Federal Rules of Civil Procedure 59(e) and 60(b) permit the Court to alter or amend judgments or provide a party relief from a judgment or order.  The Court does not reconsider its orders as a matter of routine practice.  Local Rule 7.2 E., N.D. Ga.  The Court's Local Rules require parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment."  Id.  The Local Rules also provide that "[p]arties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration."  Id.

Motions for reconsideration are left to the sound discretion of the district court and are to be decided "as justice requires."  See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993); Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) ("asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances"); United States ex rel. Corsello v.

3

Lincare, Inc., Civil Action No. 1:98-CV-0204-ODE, 2003 WL 25714876, at *6 (N.D. Ga. June 2, 2003).  Motions for reconsideration are generally appropriate where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

  Plaintiff's Motion for Reconsideration is untimely and inappropriate.  The Court entered its order on the Magistrate Judge's Final R&R more than a year before Plaintiff filed his Motion for Reconsideration.  Plaintiff does not present any coherent explanation or legal basis for reconsideration based on the existence of newly discovered evidence, an intervening development or change in controlling

4

law, or a need to correct a clear error of law or fact.  Justice does not here require granting Plaintiff relief from the Court's Order, and Plaintiff's Motion for Reconsideration is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [20] is **DENIED**.

**SO ORDERED** this 26th day of September, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE